IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SONJA S. YARBROUGH and
DELORIS B. LUKE,

   Plaintiffs,

v.

BAYVIEW LOAN SERVICING,
LLC, and CHASE BANK, NA,

   Defendants.

CIVIL ACTION FILE

NO. 1:19-cv-04210-TWT-AJB

# O R D E R

This matter is currently before the Court upon review of the pro se complaint filed on September 18, 2019. [Doc. 1]. The Court has determined that the complaint is a "shotgun" pleading that must be re-pleaded. Thus, Plaintiffs are **DIRECTED** to replead the complaint according to the terms and conditions set forth below.

## I.   BACKGROUND

Plaintiffs Sonja S. Yarbrough and Deloris B. Luke initiated this matter on September 18, 2019, naming Bayview Loan Servicing, LLC, and Chase Bank, NA, as defendants. [Doc. 1]. The complaint is far from clear, but it appears that

Plaintiffs contend that they are the owners of property located at 4052 Boulder Vista Drive, Conley, Georgia 30388 ("the Property"), and that the claims they seek to raise are against entities associated with a mortgage on the Property.

## II.   LEGAL STANDARDS

Rules 8 and 10 of the Federal Rules of Civil Procedure are supposed to work in tandem " 'to require the pleader to present his claims discretely and succinctly, so that [(1)] his adversary can discern what he is claiming and frame a responsive pleading, [and (2)] the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted.' " *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996) (quoting *T.D.S. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1543 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting)).  Although a court liberally construes a pro se litigant's complaint, a pro se party "still must comply with the procedural rules governing the proper form of pleadings," including Rules 8 and 10 of the Federal Rules of Civil Procedure. *Heard v. Nix*, 170 Fed. Appx. 618, 619 (11th Cir. Feb. 23, 2006).  A plaintiff runs afoul of the requirements under Rules 8 and 10 when he presents the court with a "shotgun pleading," which is a pleading where the plaintiff has failed "to identify his claims with sufficient clarity to enable the defendant to frame a responsible pleading.' "   *Holtz v. Harpagon Co., LLC*, Civ. No. 1:09-cv-03085-JOF,

2

2010 WL 2595075, at *4 (N.D. Ga. June 25, 2010) (quoting *Sledge v. Goodyear Dunlop Tires N. Am., Ltd.*, 275 F.3d 1014, 1018 n.8 (11th Cir. 2001)).

"[D]istrict courts have the power and the duty to define the issues at the earliest stages of litigation." *Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998). When confronted with a shotgun pleading, a court can exercise its "supervisory obligation to sua sponte order repleading pursuant to Federal Rule of Civil Procedure 12(e)." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1275 (11th Cir. 2006); *see also Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 698 & n.104 (11th Cir. 2010). "Implicit in such instruction is the notion that if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions." *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001), abrogated on other grounds by *Douglas Asphalt Co. v. QORE, Inc.*, 657 F.3d 1146 (11th Cir. 2011). The Court may act sua sponte even if no defendant moves for a more definite statement. *Id*. The Court has this authority because

> [s]hotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice. The time a court spends managing litigation framed by shotgun pleadings should be devoted to other cases waiting to be heard. Wasting scarce judicial and parajudicial resources

3

>  impedes the due administration of justice and, in a very real sense, amounts to obstruction of justice.

*Id*. at 1131.

The Court also has an obligation to ensure that subject-matter jurisdiction exists. " 'Subject-matter jurisdiction . . . refers to a tribunal's power to hear a case.' " *Lobo v. Celebrity Cruises, Inc*., 704 F.3d 882, 891 (11th Cir. 2013) (quoting *Morrison v. Nat'l Australia Bank, Ltd*., 561 U.S. 247, 254 (2010)). "As the Federal Rules of Civil Procedure state, 'If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.' " *Williams v. Warden, Federal Bureau of Prisons*, 713 F.3d 1332, 1337-38 (11th Cir. 2013) (quoting Fed. R. Civ. P. 12(h)(3)); *accord Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider sua sponte issues that the parties have disclaimed or have not presented."); *id*. ("Subject-matter jurisdiction can never be waived or forfeited."); *see also Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) ("Federal courts are obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking.") (quotation marks omitted).

**III.   DISCUSSION**

Plaintiffs' complaint is full of only intermittently comprehensible legalese, and it is therefore unclear what Plaintiffs are claiming, the basis for each plaintiff's standing, and how any of their claims are supported.  The complaint also does not make clear what allegedly wrongful actions each defendant took.  It also appears that unrelated parties and claims may be described in the complaint, as the body of the complaint appears to contain names of alleged wrongdoers and victims who are not named in the caption of the complaint.  The basis for the Court's subject-matter jurisdiction is also unclear.

Accordingly, Plaintiffs **SHALL** replead their complaint within **TWENTY-ONE (21) DAYS** of the date of entry of this Order.  In the amended complaint, Plaintiffs **SHALL** comply with the following directions:

1. Plaintiffs **SHALL** provide a factual background section with facts relevant to all claims, presented in logical order in individually numbered paragraphs.

2. Plaintiffs **SHALL** state the basis for this Court's jurisdiction.[1]

---

[1]   For example, if Plaintiffs assert federal-question jurisdiction, they shall state the federal law upon which they base one or more of their claims, and if they assert diversity-of-citizenship jurisdiction, they shall state the citizenships of all parties and the amount in controversy.

5

3. Then, Plaintiffs **SHALL** allege each cause of action under a separate count. Immediately beneath each count heading, Plaintiffs **SHALL** specify which defendant(s) the count is against. The factual allegations listed under each count **SHALL** explain the basis for the accusation against that particular defendant. Under each count, Plaintiffs **SHALL** provide the relevant facts, including the approximate dates of significant relevant occurrences and the specific defendant (or named individual, when possible) that took certain actions, that they believe are unlawful and entitle them to relief.

4. Plaintiffs also **SHALL** attach the loan documents and any other correspondence or documents that form the basis for their claim to ownership of the Property and for the claims they seek to raise in this lawsuit.

5. Each count of the amended complaint **SHALL NOT** reaffirm and reallege all factual allegations from the preceding counts, but instead, only the relevant paragraphs from the factual background section.

6. If they seek damages, Plaintiffs **SHALL** clearly state the grounds upon which they seek damages, the defendant(s) liable for the damages, and the amount.

7. The amended complaint **SHALL** comply with the formatting rules set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court and **SHALL NOT** exceed twenty pages, plus exhibits.

8. Plaintiffs are reminded that a nonlawyer may not represent any other person or entity in a legal action before the Court, and thus, each plaintiff must continue to sign all filings on her own behalf. *See Jacox v. Dep't of Defense*, Civ. Action No. 5:06-cv-182 (HL), 2007 WL 118102, at *1 (M.D. Ga. Jan. 10, 2007) ("28 U.S.C. § 1654 requires pro se litigants to conduct their own cases personally and does not authorize nonlawyers to conduct cases on behalf of individuals."); *see also Michel v. United States*, 519 F.3d 1267, 1271 (11th Cir. 2008) ("A party cannot be represented by a nonlawyer, so a pleading signed by a nonlawyer on behalf of another is null.").

Plaintiffs are **ADVISED** that if they do not timely and substantively comply with the terms of this Order, the undersigned shall recommend to the District Judge that the complaint be dismissed for failure to comply with a lawful order of the Court, and if the District Court adopts the recommendation, their complaint shall be dismissed. Such dismissal may be with prejudice.

## IV. CONCLUSION

For the reasons above, the Court **DIRECTS** Plaintiffs to **REPLEAD** their complaint within **TWENTY-ONE (21) DAYS** of the date of entry of this Order according to the terms and conditions set forth above. If Plaintiffs do not comply with this Order, Plaintiffs are **ADVISED** that their complaint will be subject to dismissal. The Clerk is **DIRECTED** to re-submit this action in **TWENTY-FOUR (24) DAYS**.

**IT IS SO ORDERED AND DIRECTED**, this 24th day of September, 2019.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE